JS-6

1  KAREN VAN DIJK, Bar No. 205460
   Karen.VanDijk@bbklaw.com
2  BEST BEST & KRIEGER LLP
   5 Park Plaza, Suite 1500
3  Irvine, California 92614
   Telephone: (949) 263-2600
4  Telecopier: (949) 260-0972

5  Attorneys for Petitioner/Plaintiff
   ORANGE COUNTY DEPARTMENT OF
6  EDUCATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORANGE COUNTY DEPARTMENT OF EDUCATION,<br><br>　　　　Petitioner/Plaintiff,<br><br>　　v.<br><br>A.S., a minor, CALIFORNIA DEPARTMENT OF EDUCATION, LOS ANGELES UNIFIED SCHOOL DISTRICT, CHARTER OAK UNIFIED SCHOOL DISTRICT, CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS, and DOES 1 through 10, inclusive,<br><br>　　　　Respondents/Defendants. | Case No.  SACV 08-00077 JVS (MLGx)<br><br>**JUDGMENT**<br><br>The Honorable James V. Selna, United States District Judge |

1    This action was heard by the Court on June 15, 2009, on the following motions:

2  - Plaintiff Orange County Department of Education's ("OCDE") Motion
3    for Summary Judgment.
4  - Defendant California Department of Education's ("CDE") Motion for
5    Summary Judgment, or in the Alternative, for Summary Adjudication.
6  - Defendant Los Angeles Unified School District's ("LAUSD") Motion
7    for Summary Judgment, or in the Alternative, for Summary
8    Adjudication.
9  - Defendant Charter Oak Unified School District's ("COUSD") Motion for
10   Summary Judgment.

11   All parties appeared through counsel, as reflected by the record.  The Court
12 issued an order on June 18, 2009 GRANTING OCDE's Motion, DENYING
13 CDE'S Motion, GRANTING LAUSD's Motion, and GRANTING COUSD's
14 Motion.

16   In accordance with the Court's June 18, 2009 Order, the Court hereby ENTERS
17 JUDGMENT as follows:

19 <u>On OCDE's Claims Against A.S. And The Office Of Administrative Hearings:</u>
20   1)   The Decision rendered by the hearing officer at the October 31, 2007
21   hearing of the Office of Administrative Hearings ("OAH"), in Case No.
22   N2006100050, is hereby reversed.
23   2)   As of June 8, 2006, OCDE did not have, and OCDE does not now
24   have, any obligation to implement or fund any portion of the Individualized
25   Educational Program ("IEP") for the student known in this proceeding as
26   "A.S.," including his out-of-state placement at the residential treatment
27   facility at Cinnamon Hills, Utah.
28 / / /

- 1 -

JUDGMENT
SACV 08-00077 JVS (MLGx)

3)   CDE is the entity entirely responsible for implementing and funding A.S.' educational program for the period between July 28, 2006 and April 19, 2009.  This responsibility includes the out-of-state placement of A.S. at the residential treatment facility at Cinnamon Hills, Utah.

4)   Judgment is entered in favor of OCDE.

5)   OCDE is the prevailing party for purposes of the underlying OAH hearing from which OCDE appeals.

6)   OCDE is the prevailing party for purposes of its claims against A.S. and OAH in this Action.

On OCDE's Claims Against CDE:

1)   Judgment is entered in favor of OCDE and against CDE.

2)   As of June 8, 2006 OCDE did not have, and OCDE does not now have, any obligation to implement or fund any portion of A.S.' educational program, including his out-of-state placement at the residential treatment facility at Cinnamon Hills, Utah.

3)   CDE is the entity entirely responsible for implementing and funding A.S.' educational program for the period between July 28, 2006 and April 19, 2009.  This responsibility includes A.S.' out-of-state placement at the residential treatment facility at Cinnamon Hills, Utah.

4)   OCDE is the prevailing party for purposes of its claims against CDE in this Action.

5)   OCDE shall recover its reasonable costs of suit herein as against CDE.

6)   OCDE shall recover reimbursement for the all costs it incurred for funding A.S.' educational program for the period between July 28, 2006 and April 19, 2009.  This reimbursement includes A.S.' out-of-state placement at the residential treatment facility at Cinnamon Hills.

7) This Court retains jurisdiction over the parties to the extent necessary to allow OCDE to obtain reimbursement from CDE as described herein.

On OCDE's Claims Against LAUSD:

1) Judgment is entered in favor of LAUSD.

2) As of July 28, 2006, LAUSD did not have, and LAUSD does not now have, any obligation to implement or fund any portion of A.S.' educational program, including his out-of-state placement at the residential treatment facility at Cinnamon Hills, Utah.

3) LAUSD is a prevailing party for purposes of this appeal.

On OCDE's Claims Against COUSD

1) Judgment is entered in favor of COUSD.

2) As of July 28, 2006, COUSD did not have, and COUSD does not now have, any obligation to implement or fund any portion of A.S.' educational program, including his out-of-state placement at the residential treatment facility at Cinnamon Hills, Utah.

3) COUSD is a prevailing party for purposes of this appeal.

Dated: July 9, 2009

By: _____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE